JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lauren Yvette Tucker

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, 215-833-8227
P.O. Box 3326, Cherry Hill, NJ 08034

## DEFENDANTS
City of Philadelphia

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations |  | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 864 SSID Title XVI | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence |  | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | **FEDERAL TAX SUITS** | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty |  | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other / **IMMIGRATION** | 462 Naturalization Application | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act, and ADEA
Brief description of cause:
Failure to Promote claims because of race, color and age.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: February 2, 2023
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, PA__

Address of Defendant: __1401 JFK Blvd., Suite 1530 Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/2/2023__     *Attorney-at-Law / Pro Se Plaintiff*     __57026__     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify): _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __2/2/2023__     *Attorney-at-Law / Pro Se Plaintiff*     __57026__     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LAUREN YVETTE TUCKER<br>Plaintiff,<br>vs.<br><br>CITY OF PHILADELPHIA<br>Defendant | : CIVIL ACTION No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff, Lauren Yvette Tucker, in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, City of Philadelphia (hereinafter "City"), of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act, ("PHRA"), which prohibit race, color and age discrimination and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination by Defendant in violation of these statutes.

1

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.

5. Plaintiff has exhausted her administrative remedies before bringing her Title VII, ADEA, and PHRA claims to Court. On December 19, 2022, the EEOC issued Plaintiff her right to sue letter. See attached copy. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

6. Plaintiff, Lauren Yvette Tucker, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Philadelphia, Pennsylvania.

7. Defendant, City of Philadelphia ("City"), is a municipality in the Commonwealth of Pennsylvania, with its offices located at Municipal Services Building, 1401 JFK Blvd., Suite 1530, Philadelphia, PA 19102.

## IV. BRIEF STATEMENT OF FACTS

8. Plaintiff is a black, African-American female and is 56 years old.

9. Plaintiff has been employed with the City's Office of Homeless Services since June 12, 2006.

10. Plaintiff applied for, took and passed the Civil Service Social Worker II test, interviewed and was hired. Plaintiff worked in the Intake Unit until she was able to test, interview and become a Program Analyst in the Quality Management Unit in December of 2015.

11. Plaintiff's duties included, monitoring emergency housing shelter food contracts that were under CACFP (Child and Adult Care Food Program). Plaintiff worked in this

2

position until the unit was dissolved, and Plaintiff was transferred to the Emergency Housing Unit briefly for six months.

12. Prior to assuming the CACFP position, Plaintiff interviewed with OHS/HR for two exempt positions: *Homeless Services Program Manager* (March 2017) and *COC Training and Technical Assistance Specialist* (June 2017). But Plaintiff was not selected for either and was told she did not have enough "experience"; despite the fact that Plaintiff had years of facilitation experience prior to working for OHS and she also trained OHS staff from all departments on the Crisis Prevention Model (CPI) Foundation model.

13. In September 2017, Plaintiff was notified that there would be a CACFP position becoming available and she was encouraged to apply for the position because of her experience monitoring CACFP while under the Quality Management Unit.

14. Plaintiff was also told the position would come with a "raise" but that needed to be worked out.

15. Plaintiff interviewed and was offered the position, however, it was considered a "lateral" move for the time being. Plaintiff started that position in October of 2017.

16. On or about November 13, 2017, Plaintiff received an email from Tara Gaudin, Chief of Staff (at the time) regarding staff updates announcing that Plaintiff would be supervising Patricia R. Smith. However, after months of not hearing anything about a raise/promotion, Plaintiff showed the email to Raymond Davis and he told Plaintiff that Tara had made a <u>mistake</u> and there would be no promotion.

17. Plaintiff was initially promoted to and performed the duties of a supervisor and then it was taken away from her by the City.

18. As disappointing as this was to Plaintiff, she continued to monitor CACFP – training Patricia Smith and providers, developing manuals, developing training curriculums and working in conjunction with the warehouse and other agencies.

19. Plaintiff began to recognize the gaps in services and the issues and problems that affected the smooth operation of CACFP. Plaintiff also started to notice the food service contracts needed to be monitored more closely as OHS would be held accountable by the state when audited. Plaintiff also suggested that emergency housing shelter's food services should be monitored more closely especially those <u>not</u> under CACFP. This was in part due to the food service complaints Plaintiff would receive on the compliant line and the observations she would make when she went to monitor and/or follow up with shelters.

20. Plaintiff discussed these observations with Dave Holloman as well, as she was trying to carve out a more defined role with OHS and food service.

21. One of the most fulfilling achievements for Plaintiff was having her workshop proposal selected to present at the National CACFP conference in April 2019.

22. About a week after returning from the Chicago conference, Plaintiff was called into a meeting and completely blindsided. She was told OHS was no longer going to be involved with CACFP. It would be phased out and Plaintiff would be transferred to the Grants Management Unit. Plaintiff was basically told this was her only choice as there was nowhere else for Plaintiff to go.

23. Plaintiff expressed her concerns to Dave Holloman and was told to give it a try. However, OHS never ended CACFP. Patricia Smith got to keep her job and Jesse Jordan/ Eric Williams were put in Plaintiff's place.

24. Now OHS has a new Food Access Unit that Plaintiff has nothing to do with- but entails everything Plaintiff was doing.

25. After working with the Office of Homeless Services for over 15 years as a civil service employee, and working as a Social Service Program Analyst in the OHS Housing Division for 7 of those years, on or about February 14, 2022, a job posting for the position of Director of Food Services was sent by the City to all staff members.

26. On February 22, 2022, Plaintiff submitted an application and her resume for the Director of Food Services position.

27. On or about March 7, 2022 Plaintiff was interviewed for the position of Director of Food Services by a panel of six OHS staff members, which included Dave Holloman, Indira Aye-Potter, Leticia Devonish, Diana Rivera, Erika Dublin and Nykia Sizemore.

28. Following the interview, Plaintiff was told to submit a 90-day management plan as a writing sample that was due on March 9, 2022, which Plaintiff submitted.

29. On or about March 14, 2022, Plaintiff spoke with Dave Holloman and he informed Plaintiff that she "did not make the cut" and would not be getting the Director position.

30. The Director's position was instead awarded to Amara O'Connell (Caucasian and younger candidate); who was less qualified than Plaintiff for this position.

31. Plaintiff later found out the interview and hiring process in March 2022 was a sham and cover-up for the race and age discriminatory failure to promote Plaintiff to this position.

32. On or about March 15, 2022, Plaintiff discovered an online announcement by Temple University that was posted **on January 27, 2022**, congratulating Amara O'Connell on being promoted to the position of Director of Food Services for OHS.

5

33. This congratulatory announcement was made two weeks before the position was even posted by the City for applications. See link at https://liberalarts.temple.edu/news/2022/01/mpp-student-promoted-director-role-office-homeless-services.

34. A copy of this announcement by Temple University, where Ms. O'Connell was a student is also attached hereto as Exhibit P-1.

35. Amara O'Connell was a much younger candidate than Plaintiff, and Plaintiff is a member of the protected class under the ADEA.

36. Plaintiff also has much more significant experience and qualifications for this position than Ms. O'Connell.

37. Plaintiff asserts that she has been subjected to race, color and age motivated failure to promote her by Defendant to the position of Director of Food Services for OHS, in violation of Title VII of the Civil Right Act of 1964, as amended, the PHRA and the Age Discrimination in Employment Act (ADEA).

V. **STATEMENT OF CLAIM**
   **COUNT ONE – Title VII VIOLATIONS –Race and Color Discrimination**

38. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 37 as if the same were fully set forth at length herein.

39. The acts and conducts of Defendant City of Philadelphia through its respective agents, officers, employees, and officials as stated above where Plaintiff was subjected differential treatment because of her race and color as to the promotion to this Director of Food Services position was a violation of Title VII of the Civil Rights Act, 42 U.S.C.

6

§2000e et seq.

40. As a direct result of the said discriminatory practices of the Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT TWO –ADEA VIOLATIONS-AGE DISCRIMINATION

41. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 40 as if same were fully set forth at length herein.

42. The acts and conducts of the Defendant City of Philadelphia, through its agents, officers, and employees as stated above where Plaintiff was subjected to differential treatment because of her age as to the promotion to this Director of Food Services position was a violation of the Age Discrimination in Employment Act.

43. As a direct result of said discriminatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE – PHRA VIOLATION – RACE/COLOR/AGE DISCRIMINATION

44. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 43 as if same were fully set forth at length herein.

45. The acts and conducts of Defendant City of Philadelphia through its respective agents, officers, employees, and officials as stated above where Plaintiff was subjected differential treatment because of her race, color and age as to the promotion to this

Director of Food Services position were violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

46. As a result of the said discriminatory practices of the Defendant in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, mental anguish, emotional distress, humiliation, and damages to reputation.

VI. **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

ABIONA LAW PLLC

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 833-8227
Attorney for Plaintiff

Dated: February 2, 2023

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 12/19/2022

**To:** Lauren Yvette Tucker
121 West Haines Street
PHILADELPHIA, PA 19144
Charge No: 530-2022-03171

EEOC Representative and telephone number:

Legal Unit
(267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay** Act **(EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
12/19/2022

Karen McDonough
Deputy Director

Cc:
Ellen Berkowitz
City of Philadelphia Law Department
1515 ARCH ST FL 15
Philadelphia, PA 19102

Sophia Schiaroli
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

Olugbenga O Abiona
ABIONA LAW PLLC
121 South Broad Street, Ste 1200
Philadelphia, PA 19107

Please retain this notice for your records.